UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V<small>IRGIL</small> A<small>RCHIE</small>,

        Plaintiff,                        Hon. Jane M. Beckering

v.                                                 Case No. 1:23-cv-544

U<small>NKNOWN</small> D<small>RESCHER</small>, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff's claims arise from a series of events occurring at the Ionia Correctional Facility (ICF) in December 2022. In the complaint, Plaintiff alleges that on December 19, 2022, the toilet in his cell began overflowing. When Defendant Drescher conducted rounds, Plaintiff told him about "the toilet overflowing and spilling raw sewage onto Plaintiff's floor." (ECF No. 1 at PageID.3). Plaintiff requested cleaning supplies or to be moved to another cell. Defendant Drescher responded, "No I'm not dealing with any of that today" and continued on his rounds. (*Id.*) Plaintiff alleges that he asked Defendant Drescher for these items during subsequent rounds, to no avail.

Plaintiff further alleges that more raw sewage spilled onto his floor whenever the toilets in other cells were flushed. Plaintiff contends that he nearly lost consciousness and experienced "chest pains and difficulty in breathing." (*Id.* at PageID.4). Plaintiff also told Defendant Walker that he had "nearly passed out" and told him about the "feces, vomit[,] and urine overspill from the broken toilet." (*Id.*) Defendant Walker did nothing in response. Defendant Speckin subsequently took over as the third shift officer, and Defendant Carrier conducted a round during that shift. Plaintiff told Defendant Carrier about the situation to which Defendant Carrier responded, "It's 3rd shift man, 2nd shift should have handed it," and continued on rounds. (*Id.* at PageID.5).

Plaintiff alleges further that the "raw sewage" flowed outside of his cell, "creating a visible pooling in the hall in front of Plaintiff's door," which Defendant Speckin stepped around when he was making his rounds. (*Id.*) According to Plaintiff, Defendant Speckin also ignored his pleas for help. Plaintiff states that he "was forced to endure this inhumane condition for nearly 24 [hours] subjecting him to use a broken toilet." (*Id.*) Based on these allegations, Plaintiff asserts conditions of confinement Eighth Amendment claims against Defendants Drescher, Walker, Carrier, and Speckin.

Defendants now move for summary judgment and argue that they are entitled to qualified immunity. (ECF No. 24). Plaintiff filed a response in opposition. (ECF No. 26). Defendants filed a reply. (ECF No. 27).

-2-

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-

moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

Defendants contend that they are entitled to qualified immunity. The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated. *Id.* The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the Court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Second, the Court asks if the right at issue was "'clearly established' when the event occurred such that a

reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted,* 810 F.3d 437, 440 (6th Cir. 2016).

For an inmate to prevail on an Eighth Amendment claim, the inmate must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834 (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who

actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

"Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). "It is well-established that the presence of some unsanitary conditions in a cell (including fecal matter) does not establish an Eighth Amendment claim, except in circumstances where the volume of matter and duration of exposure are extreme." *Edge v. Mahlman*, No. 1:20-cv-892, 2021 WL 3725988, at *3 (S.D. Ohio Aug. 23, 2021). Allegations that a prisoner was consistently exposed to fecal matter for days are sufficient to state an Eighth Amendment claim. *See Taylor v. Riojas*, 592 U.S. 7, 8-9 (2020) (concluding that a prisoner who alleged that he was placed in "shockingly unsanitary" cells for six days, one of which was covered in "massive amounts" of feces and the other of which was equipped with only a clogged drain to dispose of bodily waste, stated a violation of the Eighth Amendment); *Taylor v. Larson*, 505 F. App'x 475 (6th Cir. 2012) (finding a question of fact as to the prisoner's Eighth Amendment claim where the prisoner alleged that he was confined to a cell covered in fecal matter for three days). However, the temporary exposure to human waste is not sufficiently serious so as to state an Eighth Amendment claim, particularly where the plaintiff does not allege to have been injured as a result. *See Lamb*, 677 F. App'x at 209-10 (discussing that

inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (finding that deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours).

Defendants argue that Plaintiff's claim does not rise to the level of an Eighth Amendment claim. They further argue that Plaintiff cannot show that Defendants took any action that violated his constitutional rights. In support of their motion, Defendants have submitted evidence establishing that none of them had any knowledge or subjectively perceived facts of an overflowing toilet in Plaintiff's cell. (ECF No. 25-2 at PageID.133; 25-3 at PageID.137; 25-4 at PageID.140; 25-5 at PageID.143). Defendants Drescher, Walker, and Speckin were not even working in the wing where Plaintiff's cell was located. (*See* ECF No. 25-7 at PageID.172-173). At his deposition, Plaintiff conceded that (1) he did not remember what he told Defendant Drescher (ECF No. 25-6 at PageID.153); (2) he did not recall saying anything about the toilet to Defendant Carrier (*id.* at PageID.155); and (3) he did not know if he had any physical injuries but was throwing up (*id.* at PageID.158). Finally, Plaintiff's medical records do not show any relevant injuries on or around December 19, 2022. *See* ECF No. 25-8 at PageID.198 (medical kite showing that Plaintiff complained of being constipated on December 20, 2022).

In response, Plaintiff states that Defendants knew of the issue with the toilet. He also requests security video for the first time and claims to have various evidence to support his claim. But discovery ended on October 24, 2024. (ECF No. 22 at PageID.106). Plaintiff has failed to show that any fact was unavailable to him as required by Rule 56(d) of the Federal Rules of Civil Procedure.

Plaintiff's conclusory allegation that Defendants knew about his toilet issue is insufficient to establish a factual dispute that will defeat summary judgment. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). Plaintiff was required to identify specific facts to demonstrate a genuine issue for trial. *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). Here, there is no evidence to support the subjective component of Plaintiff's Eighth Amendment claim. On this record, Defendants did not have any knowledge nor subjectively perceived any fact that Plaintiff's toilet was overflowing and that it presented an excessive risk to Plaintiff's health or safety. Accordingly, the undersigned recommends that Defendants are entitled to summary judgment on Plaintiff's conditions of confinement claims.[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 24) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the

---

[1] Because the undersigned concludes that no constitutional violation occurred, there is no need to address whether the law was clearly established.

undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 19, 2025    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge